UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LISA A. BIRON,

*Plaintiff,*

v.

MICHAEL CARVAJAL, Director of the
Federal Bureau of Prisons, *et al*,

*Defendants*.

Civil Action No. 21-3307 (CKK)

## **DEFENDANTS' MOTION TO DISMISS**

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), Defendants, by and through the undersigned counsel, respectfully move for dismissal of Plaintiff Lisa A. Biron's Complaint. In support of this motion, Defendants respectfully refer the Court to the accompanying memorandum of law and attached exhibits. A proposed order is submitted herewith.

Dated: March 6, 2022

Respectfully Submitted,

MATTHEW M. GRAVES, D.C. Bar # 481052
United States Attorney

BRIAN P. HUDAK
Acting Chief, Civil Division

*/s/ Stephanie R. Johnson*
STEPHANIE R. JOHNSON
D.C. Bar # 1632338
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-7874
Stephanie.Johnson5@usdoj.gov

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LISA A. BIRON, | |
| *Plaintiff,* | |
| v. | Civil Action No. 21-3307 (CKK) |
| MICHAEL CARVAJAL, Director of the Federal Bureau of Prisons, *et al*, | |
| *Defendants*. | |

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF THIER MOTION TO DISMISS**

Defendants, Lindsey George, Federal Bureau of Prison Chief of Information Management, and Michal Carvajal, Federal Bureau of Prison Director (collectively "Defendants"), by and through the undersigned counsel, hereby move to dismiss the complaint filed by Lisa A. Biron ("Plaintiff") pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(3) and 12(b)(6).

Plaintiff, proceeding *pro se*, a Federal Bureau of Prisons ("BOP") inmate, alleges that Defendants violated Freedom of Information Act ("FOIA") or Privacy Act when Defendants failed to remove information regarding Plaintiff and her prior criminal trial from the Electronic Law Library ("ELL"), which is an electronic database that contains case law court decisions.  *See generally* ECF No. 1-2, Compl. at 2-3.  Plaintiff's Complaint should be dismissed because: (1) this Court lacks subject matter jurisdiction over Plaintiff's Complaint per the doctrine of derivative jurisdiction; (2) to date, Plaintiff has not effectuated service of process either under the rules of the Superior Court of the District of Columbia or the Federal Rules of Civil Procedure; (3) Plaintiff failed to exhaust administrative remedies; (4)  Plaintiff fails to state a claim under the Privacy Act and Freedom of Information Act ("FOIA"); and lastly, (5) Plaintiff failed to sue the proper party. For these reasons, and as set forth below, Plaintiff's Complaint should be dismissed.

## **BACKGROUND**

On November 17, 2021, Plaintiff filed a complaint in the Superior Court of the District of Columbia asserting claims under FOIA and the Privacy Act, against Lindsey George, Federal Bureau of Prison Chief of Information Management, and Michal Carvajal, Federal Bureau of Prison Director.  *See* Compl.  The United States removed this matter to this Court on December 17, 2021.  *See* ECF No. 1, Notice of Removal.  Defendants have yet to be served by Plaintiff.  *See* Fed. R. Civ. P. 4(i) (requiring service on the United States and the agency or officer to effect service); D.C. Sup. Ct. R. 4(i) (same).  Accordingly, the time for Defendants to respond has not

yet passed.  Now, Defendants move to dismiss Plaintiff's Complaint.

## LEGAL STANDARDS

### I.    Rule 12(b)(1)

Rule 12(b)(1) requires dismissal of claims where the Court "lack[s] jurisdiction over the subject matter."  Fed. R. Civ. P. 12(b)(1).  "Rule 12(b)(1) presents a threshold challenge to the Court's jurisdiction . . . [and] the Court is obligated to determine whether it has subject-matter jurisdiction in the first instance."  *Curran v. Holder*, 626 F. Supp. 2d 30, 32 (D.D.C. 2009) (internal citation and quotation marks omitted).  "A federal court presumptively lacks jurisdiction in a proceeding until a party demonstrates that jurisdiction exists."  *Commodity Futures Trading Comm'n v. Nahas,* 738 F.2d 487, 492 n.9 (D.C. Cir. 1984) (emphasis added); *see Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("[I]t is presumed that a cause lies outside [the federal courts'] limited jurisdiction.").  "If sovereign immunity has not been waived, a claim is subject to dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction."  *Clayton v. District of Columbia*, 931 F. Supp. 2d 192, 200 (D.D.C. 2013) (citing *FDIC v. Meyer,* 510 U.S. 471, 475 (1994)).  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

### II.    Rule 12(b)(6)

Pro se complaints "must be held to less stringent standards than formal pleadings drafted by lawyers[,]" but the plaintiff still "must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'"  *Atherton v. D.C. Office of Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)); *see also Ahmed v. Fed. Bureau of Prisons*, Civ. A. No. 19-1189 (CJN), 2021 WL 2459989, at *2 (D.D.C. Mar. 18, 2021).  In other words, a "pro se complaint, like any other, must present a claim upon which relief

can be granted by the court." *Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C. Cir. 1981).

Under Rule 12(b)(6), the Court may dismiss a complaint where a plaintiff fails to state a claim upon which relief can be granted.  To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  When resolving a motion to dismiss pursuant to Rule 12(b)(6), the pleadings are construed broadly so that all facts pleaded therein are accepted as true, and all inferences are viewed in a light most favorable to the plaintiff.  *See Iqbal*, 556 U.S. at 678.  However, a court is not required to accept conclusory allegations or unwarranted factual deductions as true.  *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*  Likewise, a court need not "accept as true a legal conclusion couched as a factual allegation."  *Papasan v. Allain*, 478 U.S. 265, 286 (1986).  Ultimately, the focus is on the language in the complaint and whether that sets forth sufficient factual allegations to support a plaintiff's claims for relief.

Although a court does not generally consider materials outside the complaint on a Rule 12(b)(6) motion, it may consider "documents upon which the plaintiff's complaint necessarily relies even if the document is produced not by the plaintiff in the complaint but by the defendant in a motion to dismiss" and may also consider public records.  *Slate v. Pub. Def. Serv. for the D.C.*, 31 F. Supp. 3d 277, 287 (D.D.C. 2014).  Thus, the Court may consider the exhibits annexed hereto without converting this motion to a motion for summary judgment.

3

## ARGUMENT

### I.     Plaintiff's Claims Are Barred by the Derivative Jurisdiction Doctrine.

"The derivative-jurisdiction doctrine arises from the theory that a federal court's jurisdiction over a removed case derives from the jurisdiction of the state court from which the case originated." *Woods v. Hawk-Sawyer*, No. CV 20-1152 (TFH), 2020 WL 6146876, at *2 (D.D.C. Oct. 20, 2020) (quoting *Palmer v. City Nat'l Bank of W. Va.*, 498 F.3d 236, 244 (4th Cir. 2007)).  28 U.S.C. § 1442(a)(1) grants federal courts removal jurisdiction over claims against federal defendants.  However, this jurisdiction is derived from the jurisdiction of the court from which the claims are removed.  *See Merkulov v. U.S. Park Police*, 75 F. Supp. 3d 126, 130 (D.D.C. 2014) (holding that the doctrine of derivative jurisdiction applies to removal under Section 1442 and that Congress's abrogation of the doctrine of derivative jurisdiction with respect to removal under 28 U.S.C. § 1441 does not impact the doctrine's application to Section 1442).  Accordingly, this Court has jurisdiction over claims removed from the Superior Court of the District of Columbia under Section 1442(a)(1) only to the extent that the Superior Court itself had jurisdiction to hear those claims.  *See Lambert Run Coal Co. v. Balt. & Ohio R.R. Co.*, 258 U.S. 377, 382 (1922) ("If the state court lacks jurisdiction of the subject-matter or of the parties, the federal court acquires none, although it might in a like suit originally brought there have had jurisdiction.").  Applying this rule to the case at hand, this Court's jurisdiction over Plaintiff's claims depends on whether the Superior Court of the District of Columbia had jurisdiction to hear claims against the Agency.  *See McKoy-Shields v. First Washington Realty, Inc.*, No. 1:11-CV-1419, 2012 WL 1076195, at *2 (D.D.C. March 30, 2012).  The Superior Court did not.

The federal courts have exclusive jurisdiction over any claims under FOIA and the Privacy Act, and therefore the district courts of the United States, not the Superior Court of the District of

Columbia, shall have jurisdiction in the matters under the [relevant] provisions of [FOIA]. *See* 5 U.S.C. § 552(a)(4)(B); 5 U.S.C. § 552a(g)(5). Because Plaintiff filed her complaint in the Superior Court, which did not have jurisdiction over her FOIA or Privacy Act claim, "this Court cannot 'acquire' jurisdiction after removal, even if Plaintiff could have filed [her] complaint in federal court in the first instance." *Cofield v. United States*, 64 F. Supp. 3d 206, 214-15 (D.D.C. 2014). Absent derivative jurisdiction, the Court should dismiss Plaintiff's Complaint. *See Woods*, 2020 WL 6146876, at *2.

The Superior Court did not have jurisdiction over Plaintiff's FOIA or Privacy Act claim, and because this matter was removed to federal court under 28 U.S.C. § 1442, this Court cannot assert jurisdiction over Defendants on removal. Simply stated, this Court lacks subject matter jurisdiction, as there was no such jurisdiction to "derive" from the D.C. Superior Court upon the removal of this action. Therefore, the Court should dismiss Plaintiff's Complaint.

## II.     Plaintiff Failed to Effectuate Service of Process.

Plaintiff has failed to effectuate service, and if that failure persists, this case must be dismissed. *See* Fed. R. Civ. P. 12(b)(5). Plaintiff brought this case in the Superior Court of the District of Columbia, where that Court's rules gave him 60 days to provide a copy of the summons, complaint, and initial order to the United States Attorney's Office, the Attorney General of the United States, and the individual named as a defendant in the complaint via registered or certified mail. *See* D.C. Super. Ct. R. Civ. P. 4(i)(1). As the record from the Superior Court reflects, Plaintiff did not serve the United States Attorney's Office or the Attorney General.

Removal of a case from state to federal court does not relieve a plaintiff of her obligation to complete proper service. *Graves v. Republic of Nat'l Distrib. Co.*, 42 F. Supp. 3d 121, 123 (D.D.C. 2014) ("Courts . . . have long held that a defendant's removal of an action to federal court

does not waive the defendant's objections to the sufficiency of service of process.") (citing *Morris & Co. v. Skandinavia Ins. Co.*, 279 U.S. 405, 409 (1929)).   Where service is either not made or defective prior to a removal, a plaintiff must effectuate proper service within 90 days of the removal.   *See* 28 U.S.C. § 1448 ("In all cases removed from any state court . . . in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court."); *Henok v. Chase Home Fin., LLC*, 890 F. Supp. 2d 65, 71 n.4 (D.D.C. 2012) (holding that service under § 1448 must be made within 120 days after removal and citing the version of Federal Rule of Civil Procedure 4(m) in effect before a 2015 amendment changed the applicable time limit from 120 days to 90 days).   Here, Defendants initially removed this case on December 17, 2021; Plaintiff has until March 17, 2022—90 days after removal—to effectuate service.   Should she fail to do so, this case will be properly subject to dismissal on that basis.   *See* Fed. R. Civ. P. 4(m).

### III.   Plaintiff Failed to Exhaust Her Administrative Remedies.

Plaintiff failed to exhaust her administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). In relevant part, the PLRA provides that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined to any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).   The exhaustion requirement of Section 1997e(a) is mandatory and "applies to all prisoners seeking redress for prison circumstances or occurrences."   *Porter v. Nussle*, 534 U.S. 516, 520 (2002).   Section 1997e(a) "afford[s] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case," and, where possible,

6

to "satisfy the inmate, thereby obviating the need for litigation." *Id.* at 524-25.  A prisoner must complete the administrative process "regardless of the relief offered through administrative avenues." *Booth v. Churner,* 532 U.S. 731, 741 (2001).

The PLRA's exhaustion requirement is not a jurisdictional bar, but simply governs the timing of the action. *Ali v. Dist. of Columbia*, 278 F.3d 1, 5-6 (D.C.Cir.2002).  The failure to exhaust is an affirmative defense under the PLRA, and inmates are not required to plead or demonstrate exhaustion in their complaints. *Jones v. Bock*, 549 U.S. 199 (2007).  However, if the allegations by plaintiff, taken as true, show that relief is barred for failure to exhaust, the case is subject to dismissal for failure to state a claim. *Id.* at 215.

The BOP's Administrative Remedy Program for inmates is set out in the Code of Federal Regulations Title 28, Sections 542.10-542.19.  Inmates may use the BOP Administrative Remedy Program to seek formal review of any aspect of their confinement.  28 C.F.R. § 542.10.  The program is typically a four-tiered review process comprised of an informal resolution process and then formal requests to the Warden, the Regional Director, and the Office of General Counsel.  *See* Declaration of Patrick Kissel ¶¶ 4-5.

Plaintiff submitted a remedy request at the institution level in October 2021 related to removing her sealed case order from the ELL.  *Id.* ¶ 8.  The Warden responded to this request in November 2021, and Plaintiff was advised she could appeal the Warden's response if the plaintiff was dissatisfied with the response.  *Id.*  The plaintiff submitted an appeal to the BOP's North Central Regional Office in November 2021.  *Id.* ¶ 9.  The BOP's Regional Director for the North Central Regional office denied Plaintiff's appeal in December 2021, and Plaintiff was advised she could appeal the Regional Director's response if she was not satisfied with the response.  *Id.* Plaintiff submitted an appeal to the BOP's Office of General Counsel in January 2022.  *Id.* ¶ 10.

The appeal was rejected because the plaintiff did not provide a copy of her institution request and/or a copy of the response from the Warden. *Id.* Plaintiff failed to exhaust her administrative remedies. *See id.* ¶ 11.

Because Plaintiff failed to exhaust her administrative remedies prior to filing her Complaint, Plaintiff's Complaint should be dismissed for failure to state a claim. *See id.* ¶ 11; *see also Ingram v. Gonzales*, 501 F. Supp. 2d 180, 183-84 (D.D.C. 2007) (Plaintiff case subject to dismissal for failure to exhaust administrative remedies under PLRA); *Johnson v. Dist. of Columbia Dep't of Corrs., Transp. Unit*, No. 01–7204, 2002 WL 1349532, at *1 (D.C. Cir. June 20, 2002) (per curiam) (upholding dismissal for failure to exhaust administrative remedies because the appellant had not filed an inmate grievance).[1]

## IV.    **Plaintiff Fails To State A Claim Under the Privacy Act.**

The Court should dismiss Plaintiff's Complaint because she fails to allege sufficient facts to state a claim under the Privacy Act.

Subsection 552a(g)(1)(D), which is described as the Privacy Act's "catchall" provision, *see Cacho v. Chertoff*, No. 06–00292, 2006 WL 3422548, at *4 (D.D.C. Nov. 28, 2006), provides a civil cause of action whenever a government agency "fails to comply with any other provision of this section, or any rule promulgated thereunder, in such a way as to have an adverse effect on an individual."  5 U.S.C. § 552a(g)(1)(D).  Thus, to state a claim for relief under the subsection, which works in conjunction with § 552a(g)(4), a plaintiff must establish that (1) the

---

[1]    A Privacy Act requester must also exhaust administrative remedies before bringing suit against an agency for access to agency records pertaining to him. *See Banks v. Dep't of Just.*, 538 F. Supp. 2d 228, 232-33 (D.D.C. 2008); *see also Haase v. Sessions,* 893 F.2d 370, 373 (D.C. Cir. 1990).  Similarly, a plaintiff must exhaust the administrative remedies available under FOIA. *Oglesby v. Dep't of Army*, 920 F.2d 57, 61-62 (D.C. Cir. 1990); *see also Wilbur v. CIA*, 355 F.3d 675, 677 (D.C. Cir. 2004) ("exhaustion of administrative remedies is a mandatory prerequisite to a lawsuit under FOIA") (citation and internal quotation marks omitted).

agency violated another provision of the Privacy Act, (2) the violation was intentional or willful, and (3) the violation had an adverse effect on the plaintiff. *See Paige v. DEA,* 665 F.3d 1355, 1358-59 (D.C. Cir. 2012) (citing 5 U.S.C. §§ 552a(g)(1)(D) & 552a(g)(4)); *see also Dick v. Holder*, 67 F. Supp. 3d 167, 176-77 (D.D.C. 2014).  Plaintiff's § 552a(g)(1)(D) claim rests on Defendants' alleged violation of § 552a(b) of the Privacy Act, which generally prohibits government agencies from disclosing confidential files without the consent of the individual. *See Bigelow v. DOD*, 217 F.3d 875, 876 (D.C. Cir. 2000).

Civil remedies are available only when the government agency made a disclosure "in such a way as to have an adverse effect on [the plaintiff]." 5 U.S.C. § 552a(g)(1)(D); *see also Gamble v. Dep't of the Army,* 567 F.Supp.2d 150, 155 (D.D.C.2008) ("Plaintiff is entitled to civil remedies under § 552a(b) only if the violation had an 'adverse effect' on him."); *Scott v. Conley*, 937 F. Supp. 2d 60, 80 (D.D.C. 2013) (To state a claim under § 552a(g)(1)(D), a plaintiff must allege that the agency violated the Privacy Act "in such a way as to have an adverse effect on an individual...." 5 U.S.C. § 552a(g)(1)(D)).

Here, after the United States District Court of New Hampshire sealed Plaintiff's criminal case, Plaintiff claims she made numerous requests to Defendants asking that all records containing information related to her and her criminal case be removed from ELL. *See* Compl at 2-3. Plaintiff's Complaint is devoid of *any* facts that she suffered an adverse effect due to any disclosure of information or that Defendants acted intentionally or willfully.  Thus, as Plaintiff has suffered no adverse effect nor did Defendants act intentionally or willfully, she does not state a claim for which relief may be granted under 5 U.S.C. § 552a(g)(1)(D) and § 552a(b). *See, e.g, Boyd v. Chertoff*, 540 F. Supp. 2d 210, 216-17 (D.D.C. 2008); *Dick v. Holder*, 67 F. Supp. 3d 167, 182 (D.D.C. 2014); *Deters v. United States Parole Commission*, 85 F.3d 655, 657 (D.C.Cir.1996).

Accordingly, Plaintiff's Privacy Act claim fails as a matter of law.

**V.   Plaintiff Fails to Name a Proper Defendant but Substitution of the Federal Bureau of Prisons Is Unwarranted Because of the Lack of Jurisdiction.**

Plaintiff cannot sue in their official capacity the individually named defendants for violations of FOIA or the Privacy Act. Under FOIA and the Privacy Act, the only proper defendant is the federal agency.  Consequently, neither the agency head nor other agency officials are proper parties to a FOIA or Privacy Act suit. *See Antonelli v. Bureau of Prisons*, 591 F. Supp. 2d 15, 19 n. 3 (D.D.C. 2008) (dismissing OIP as a party because FOIA only authorizes actions against federal agencies).  Individuals are not covered by FOIA.  *See, e.g., Martinez v. Bureau of Prisons*, 444 F.3d 620, 624 (D.C. Cir. 2006) (affirming decision to dismiss FOIA claim against individuals); *Martinez v. Bureau of Prisons,* 444 F.3d 620, 624 (D.C. Cir. 2006) (the only proper party in a Privacy Act case is the agency maintaining the challenged record).  If an improper party defendant is named, the court may dismiss the action against those defendants, as is typically done with state agencies or individuals, who are not proper FOIA or Privacy Act defendants.  *See Jean-Pierre v. Fed. Bureau of Prisons*, 880 F. Supp. 2d 95, 100-01 (D.D.C. 2012); *see also, e.g., Lasko v. Dep't of Just.*, 684 F. Supp. 2d 120, 125 n. 1 (D.D.C. 2010).

Here, Plaintiff fails to name BOP as defendant in this FOIA and Privacy Act action.  *See Compl.*  Although BOP may be substituted as the defendant in appropriate cases, there is no need to do so in this case, as discussed herein, the Complaint fails to state any claim within the subject matter jurisdiction of this Court for the reasons set forth above.  Thus, Plaintiff's Complaint should be dismissed.

**<u>CONCLUSION</u>**

For the foregoing reasons, Defendant respectfully requests that this case be dismissed in its entirety.

Dated: March 6, 2022

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar # 481052
United States Attorney

BRIAN P. HUDAK
Acting Chief, Civil Division

*/s/ Stephanie R. Johnson*
STEPHANIE R. JOHNSON
D.C. Bar # 1632338
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-7874
Stephanie.Johnson5@usdoj.gov

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true copy of the foregoing to be mailed to Plaintiff Lisa A.

Biron at the following address on March 6, 2022:


**LISA A. BIRON**
R#12775-049
FCI WASECA
P.O. Box 1731
Waseca, MN 56093

/s/ Stephanie R. Johnson
STEPHANIE R. JOHNSON
Assistant United States Attorney

12

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LISA A. BIRON,

*Plaintiff,*

v.

Civil Action No. 21-3307 (CKK)

MICHAEL CARVAJAL, Director of the
Federal Bureau of Prisons, *et al*,

*Defendants*.

**[PROPOSED] ORDER**

UPON CONSIDERATION of Defendants' motion to dismiss, and the entire record herein,

it is hereby

ORDERED that Defendants' motion is GRANTED; and it is further

ORDERED that this action is DISMISSED.


SO ORDERED:


_____                           _____
Date                                        COLLEEN KOLLAR-KOTELLY
                                            United States District Judge