UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LISA A. BIRON, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 21-3307 (CKK) |
| LINDSEY GEORGE *et al.*, | : |
| Defendants. | : |

## ORDER

This matter is before the Court on Defendants' Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Plaintiff, appearing *pro se*, is advised pursuant to *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988), that the failure to respond to defendants' motion within the time provided "may result in the district court granting the motion and dismissing the case." *Id*. at 509. In addition, this Court's local rules require a party opposing a motion to serve and file a memorandum of points and authorities "[w]ithin 14 days of the date of service or at such other time as the court may direct . . . [or] the court may treat the motion as conceded." LCvR 7(b). Any unopposed arguments a defendant has advanced in support of its motion also may be treated as conceded. *See Hopkins v. Women's Div., General Bd. of Global Ministries*, 284 F. Supp. 2d 15, 25 (D.D.C. 2003), *aff'd*, 98 Fed. App'x. 8 (D.C. Cir. 2004) (citing *FDIC v. Bender*, 127 F.3d 58, 67-68 (D.C. Cir. 1997) (other citation omitted)).

Because the declaration attached to defendants' motion may require the Court to consider the Rule 12(b)(6) motion under the standards for summary judgment, *see* Fed. R. Civ. P. 12(d), plaintiff is further advised that "any factual assertions in the movant's affidavits will be accepted as being true unless [the opposing party] submits [her] own affidavits or other documentary evidence contradicting the assertion." *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992)

(quoting *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982)). Rule 56(e) of the Federal Rules of Civil Procedure provides:

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials--including the facts considered undisputed-- show that the movant is entitled to it; or (4) issue any other appropriate order.

Fed. R. Civ. P. 56(e). Rule 56(c) provides:

> (1) Supporting Factual Positions. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
> (2) Objection That a Fact Is Not Supported by Admissible Evidence. A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
> (3) Materials Not Cited. The court need consider only the cited materials, but it may consider other materials in the record.
> (4) Affidavits or Declarations. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

Fed. R. Civ. P. 56(c). Thus, parties, such as Lisa A. Biron, who are adverse to a motion for summary judgment must, for example, rebut the defendants' documentation with her own documentation, affidavits or sworn statement; simple allegations that the moving party's evidence is inaccurate or incorrect are not sufficient to defeat summary judgment. For these purposes, a verified complaint may serve as an affidavit. *See Neal*, 963 F.2d at 457-58.

Accordingly, it is

**ORDERED** that plaintiff shall respond to defendants' dispositive motion, ECF No 5, on or before **April 19, 2022**. If plaintiff does not respond within the time provided, the Court may

dismiss the case based solely on defendants' assertions or pursuant to LCvR 83.23 for failure to prosecute.

>	_____/s/s_____
>	COLLEEN KOLLAR-KOTELLY
>	United States District Judge

DATE: March 10, 2022