## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| _____ ) | | |
| LISA A. BIRON, | ) | |
| | ) | |
| Plaintiff | ) | |
| v. | ) | Civil Action No. 21-3307 (CKK) |
| | ) | |
| MICHAEL CARVAJAL, Director of the | ) | |
| Federal Bureau of Prisons, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |
| _____) | | |

## DECLARATION OF PATRICK KISSELL

I, Patrick Kissell, do hereby declare as follows:

1.      I have been employed by the United States Department of Justice, Federal Bureau of Prisons (BOP) continuously since May 2001.  I have held the position of Administrative Remedy Specialist in the Central Office for the BOP from September 2014 to the present.  As part of my duties, I am responsible for preparing responses to Office of General Counsel/ Central Office Administrative Remedy Appeals filed by inmates confined in federal custody.  I also have access to the appeal files kept in the ordinary course of business by the BOP.

2.      Lisa Biron, Register Number 12775-049 (Plaintiff), is in the custody of the BOP and is currently serving her federal sentence at the Federal Correctional Institution in Waseca, Minnesota.  *See* www.bop.gov. It is my understanding the plaintiff filed the above-titled Complaint in the Superior Court for the District of Columbia.  Subsequently, the U.S. Attorney's Office removed the case to the U.S. District Court for the District of the Columbia.  The plaintiff alleges a claim under the Freedom of Information Act (FOIA) and the Privacy Act, against Lindsey George, BOP Chief of Information Management, and Michal Carvajal, BOP Director.

More specifically, the plaintiff claims that the stated defendants failed to removed a sealed case, regarding her conviction, from the Electronic Law Library (ELL) in May 2021.

3.       I make this declaration in response to the Amended Complaint, a copy of which I have reviewed.  The statements I make hereinafter are made on the basis of my review of the official files and records of the BOP, my own personal knowledge, or on the basis of information acquired by me through the performance of my official duties.  I am familiar with the BOP computer system, SENTRY.  The SENTRY system contains inmate information, including tracking information of administrative remedies filed by inmates, and is maintained in the ordinary course of BOP business.  I am also familiar with the meaning of SENTRY abbreviations and codes.

4.       The BOP's Administrative Remedy Program for inmates is set out in the Code of Federal Regulations Title 28, Sections 542.10-542.19.  Inmates may use the BOP Administrative Remedy Program to seek formal review of any aspect of their confinement.  28 C.F.R. § 542.10. The program is typically a four-tiered review process comprised of an informal resolution process and then formal requests to the Warden, the Regional Director, and the Office of General Counsel.  Inmates must first attempt to informally resolve their complaints at their institution.  28 C.F.R. § 542.13.

5.       An attempt at informal resolution is sometimes referred to as a BP-8.  If the issue cannot be resolved informally, inmates must next present their complaints to the Warden of the facility in which they are confined.  See 28 C.F.R. § 542.14.  An administrative remedy filed with the Warden is commonly referred to as a BP-9.  The Warden has 20 calendar days to respond.  See 28 C.F.R. § 542.18.  If an inmate is not satisfied with the Warden's response, the inmate may appeal the matter to the Regional Director of the region in which the inmate is confined within 20 calendar days of the date the Warden signed the response.  28 C.F.R. §

542.15.  An appeal at the Regional level is commonly referred to as a BP-10.  The Regional

Director has 30 calendar days to respond.  See 28 C.F.R. § 542.18.  If the inmate is not satisfied

with the Regional Director's response, the inmate may appeal the matter to the Office of General

Counsel within 30 calendar days of the date the Regional Director signed the response.  28

C.F.R. § 542.15.  An appeal to the Office of the General Counsel is the final BOP administrative

appeal and is known as a BP-11.  See 28 C.F.R. § 542.15.  The Office of General Counsel has 40

calendar days to respond.  See 28 C.F.R. § 542.18.  A final decision from the Office of General

Counsel completes the BOP Administrative Remedy Program.  See id.  The administrative

remedy process is not complete until the Office of General Counsel replies, on the merits, to the

inmate's BP-11 or if a response is not forthcoming within the time allotted for reply.  See 28

C.F.R. § 542.18.  If an inmate does not receive a response from the BOP during the allotted time

period, the inmate may consider the absence of a response to be a denial at that level.[1]  Id.

6.     SENTRY can generate a summary of all formal BOP administrative remedy

requests and/or appeals (i.e., BP-9, BP-10, BP-11) that a federal inmate has submitted.  This

document is known as Administrative Remedy Generalized Retrieval.  This document has

various codes that allow a BOP staff member to identify at what level and where an inmate

submitted an administrative remedy request and/or appeal, what the nature of the administrative

remedy request and/or appeal is, whether the submission was accepted or rejected, whether the

submission was granted or denied, and the dates of the submissions and issued responses.  I am

familiar with reading and interpreting these codes.  It is also important to note that the

Administrative Remedy Generalized Retrieval identifies each administrative remedy request

---

[1]     If the time period for response to an administrative submission is insufficient to make an
appropriate decision, the time for response may be extended once by 20 days at the institution
level, 30 days at the regional level, or 20 days at the Central Office level.  See 28 C.F.R.
§ 542.18.  Staff shall inform the inmate of this extension in writing.  Id.

and/or appeal by their Remedy ID number and that the "ABSTRACT" sections of the entries reflect the nature of the administrative submission.

7.      The plaintiff has submitted a total of 203 formal administrative remedy requests and/or appeals with the BOP. However, in relevant part to the present case, the plaintiff has filed 29 administrative remedy requests and/or appeals with the BOP since May 1, 2021.

8.      I have reviewed the record of the administrative remedy requests received from the plaintiff. The plaintiff submitted a remedy request at the institution level in October 2021 related to removing her sealed case order from the ELL. The Warden responded to the remedy in November 2021, and the plaintiff was advised she could appeal the Warden's response if the plaintiff was dissatisfied with the response.

9.      The plaintiff submitted an appeal to the BOP's North Central Regional Office in November 2021. The BOP's Regional Director for the North Central Regional office denied the plaintiff's appeal in December 2021, and the plaintiff was advised she could appeal the Regional Director's response if the plaintiff was not satisfied with the response.

10.     The plaintiff submitted an appeal to the BOP's Office of General Counsel in January 2022. The appeal was rejected because the plaintiff did not provide a copy of her institution request or a copy of the response from the Warden.

11.     Based on my review of the administrative remedy record, the plaintiff did not properly exhaust her remedies, prior to filing her complaint, as related to complaints against the BOP raised in the present case through the BOP's Administrative Remedy Program.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 1st day of April 2022.

*P. Kissell*

_____

Patrick Kissell
Administrative Remedy Specialist
Federal Bureau of Prisons
Washington, D.C.