UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LISA A. BIRON,

　　　　　　　　　*Plaintiff,*

　　　　v.　　　　　　　　　　　　　　　　Civil Action No. 21-3307 (CKK)

MICHAEL CARVAJAL, Director of the
Federal Bureau of Prisons, *et al*,

　　　　　　　　　*Defendants*.

**REPLY IN SUPPORT OF**
**DEFENDANTS' MOTION TO DISMISS**

MATTHEW M. GRAVES, D.C. Bar # 481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

STEPHANIE R. JOHNSON
D.C. Bar # 1632338
Assistant United States Attorney
Civil Division
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-7874
Stephanie.Johnson5@usdoj.gov

June 29, 2022　　　　　　　　　*Attorneys for Defendants*

Defendants, Lindsey George, Federal Bureau of Prison Chief of Information Management, and Michal Carvajal, Federal Bureau of Prison Director, and the Federal Bureau of Prison ("BOP") (collectively "Defendants"), by and through their undersigned counsel, respectfully submit this reply in support of their motion to dismiss ("Motion"), *see* ECF No. 8.

In this case, Plaintiff, proceeding *pro se* and BOP inmate, claims that Defendants violated the Freedom of Information Act ("FOIA") and the Privacy Act by failing to remove a sealed order, issued by the United States District Court for the District of New Hampshire, regarding her conviction, from the Electronic Law Library. *See generally* ECF No. 7, Am. Compl. at 2-3.

As Defendants demonstrated in their motion, Plaintiff's Amended Complaint should be dismissed because: (1) this Court lacks subject matter jurisdiction over the amended complaint per the doctrine of derivative jurisdiction; (2) prior to bring this action, Plaintiff failed to exhaust administrative remedies as required by the Prison Litigation Reform Act ("PLRA"); (3) Plaintiff fails to state a claim under the Privacy Act and FOIA; and lastly, (4) Plaintiff may not state a claim against the individual defendants in their official capacities for alleged violations of FOIA or the Privacy Act.  As discussed more fully below, Plaintiff's opposition provides no basis to conclude otherwise and thus Defendants' motion should be granted and this matter should be dismissed.

## ARGUMENT

### I.     Plaintiff's Claims Are Barred by the Derivative Jurisdiction Doctrine.

Plaintiff argues that this Court should not apply the derivative jurisdiction doctrine because there is no binding decision in the D.C. Circuit that has applied this doctrine to dismiss an action removed from Superior Court of the District of Columbia.  *See* ECF No. 11, Pl. Opp. at 5.  Also, Plaintiff argues that to the extent the court does apply the derivative jurisdiction doctrine, the Court

should find that the Superior Court had concurrent jurisdiction to hear Plaintiff's FOIA and Privacy Act claims. *Id.* at 5-7. Plaintiff's arguments lack merit and fail.

First, it is the practice of this District to apply the doctrine of derivative jurisdiction to cases removed under Section 1442 and, contrary to Plaintiff, the doctrine should apply to this matter. The Supreme Court observed that "[t]he jurisdiction of the federal court on removal is, in a limited sense, a derivative jurisdiction." *Lambert Run Coal Co. v. Balt. & Ohio R.R. Co.*, 258 U.S. 377, 382 (1922). Congress has since eliminated derivative jurisdiction as a barrier to actions removed under 28 U.S.C. § 1441, *see id.* § 1441(f), but Section 1442, under which this case was removed, has no parallel provision. *See Johnson v. D.C. Metro Transit Auth.*, 239 F. Supp. 3d 293, 295 (D.D.C. 2017). Although there is no D.C. Circuit authority directly on point, plenty of "[f]ederal courts in this [d]istrict and throughout the country, have determined that the doctrine of derivative jurisdiction still applies to claims removed under Section 1442." *Id.*; *see Merkulov v. U.S. Park Police*, 75 F. Supp. 3d 126, 130 (D.D.C. 2014) (citing cases); *see also Lopez v. Sentrillon Corp.*, 749 F.3d 347, 351 (5th Cir. 2014) (joining the seventh and fourth circuit courts of appeals in concluding "that, 'for whatever reasons [,] Congress intended to keep the [derivative jurisdiction] doctrine in place' for removals other than those under § 1441") (quoting *Rodas v. Seidlin*, 656 F.3d 610, 619 (7th Cir. 2011) (alterations in original)); *In re Elko Cnty. Grand Jury,* 109 F.3d 554, 555 (9th Cir. 1997) ("[B]ecause this case was removed from state court pursuant to § 1442, our jurisdiction is derivative of the state court's jurisdiction."); *Edwards v. Dep't of Just.*, 43 F.3d 312, 316 (7th Cir. 1994) ("The jurisdiction of the federal court upon removal, pursuant to 28 U.S.C. § 1442, is essentially derivative of that of the state court."). Thus, the overwhelming authority warrants applying the derivative jurisdiction doctrine to this matter and this Court should reaffirm its standard practices.

Also, contrary to Plaintiff's assertions, the Superior Court of the District of Columbia did

not have jurisdiction over this matter.  Plaintiff misinterprets the Privacy Act and case law and

thus her arguments are unavailing.[1]  As Plaintiff correctly notes, Section 552a(g)(5) states,

> An action to enforce any liability created under this section may be brought in the
> district court of the United States in the district in which the complainant resides,
> or has his principal place of business, or in which the agency records are situated,
> or in the District of Columbia.

By its very terms, this section limits jurisdiction over Privacy Act matters to the federal district

courts.  Further, 5 U.S.C. § 552a(g)(1) specifically states, "the district courts of the United States,"

not the Superior Court of the District of Columbia, "shall have jurisdiction in the matters under

the [relevant] provisions of [the Privacy Act]." *Id.*; *see also Woods v. Hawk-Sawyer*, Civ. A.

No. 20-1152 (TFH), 2020 WL 6146876, at *2 (D.D.C. Oct. 20, 2020) (citing 5 U.S.C.

§ 552a(g)(1)).  Because Plaintiff filed her complaint in the Superior Court of the District of

Columbia, which did not have jurisdiction over her Privacy Act, or FOIA, claim, "this Court

cannot 'acquire' jurisdiction after removal, even if Plaintiff could have filed [her] complaint in

federal court in the first instance." *Cofield v. United States*, 64 F. Supp. 3d 206, 214-15 (D.D.C.

2014); *see also Woods*, 2020 WL 6146876, at *2.  Simply stated, this Court lacks subject matter

jurisdiction, as there was no such jurisdiction to "derive" from the Superior Court of the District

of Columbia upon the removal of this action.  Moreover, when a defendant raises the derivative

jurisdiction doctrine, it erects a mandatory bar to the court's exercise of federal jurisdiction, and a

plaintiff cannot circumvent that bar merely by filing an amended complaint invoking federal

---

[1]    In both complaints, the complaint filed in Superior Court and the amend complaint,
Plaintiff alleges Defendants violated FOIA, *see* ECF Nos. 1-2 ¶ 1, 7 ¶ 1; and therefore, Defendants
appropriately addressed this claim in their motion to dismiss, *see* Motion at 4-5. Nevertheless,
Defendants agree with Plaintiff that FOIA is inapplicable, *see* Pl.'s Opp. at 7, as Plaintiff is not
seeking to compel the release of any withheld responsive records.

jurisdiction.  *Ricci v. Salzman*, 976 F.3d 768, 773 (7th Cir. 2020); *see also Robinson v. Dep't of Health & Human Servs.*, Civ. A. No. 21-1644 (CKK), 2021 WL 4798100, at *3 (D.D.C. Oct. 14, 2021).  Therefore, the Court should dismiss Plaintiff's Amended Complaint.[2]

## II.     Plaintiff Failed to Exhaust Her Administrative Remedies Prior to Filing Her Complaint and Amended Complaint.

Plaintiff failed to complete all the necessary steps to exhaust her administrative remedies, as required by the PLRA, before bringing this action and therefore Plaintiff's Amended Complaint must be dismissed.  The PLRA's exhaustion requirement is mandatory and "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Porter v. Nussle*, 534 U.S. 516 532, (2002) (citation omitted); *see Ross v. Blake*, 578 U.S. 632, 639 (2016) (noting "that . . . a court may not excuse a failure to exhaust, even to take [special] circumstances into account."). Exhaustion under the PLRA requires proper exhaustion, meaning that a prisoner must comply with procedural rules, including filing deadlines, as a precondition to filing a civil suit in federal court, regardless of the relief offered through the administrative process.  *See Woodford v. Ngo*, 548 U.S. 81, 85 (2006); *Booth v. Churner*, 532 U.S. 731, 741 (2001).  Thus, Plaintiff may file a civil action under federal law *only after* she has exhausted the prison's administrative remedies.  *See Jackson v. District of Columbia*, 254 F.3d 262, 269 (D.C. Cir. 2001). Plaintiff attempts to circumvent the

---

[2]      Plaintiff's reliance on *In re Tucker*, 689 A.2d 1214 (D.C. 1997) is misplaced.  In *Tucker* the court ordered the Federal Bureau of Investigation ("FBI") to produce materials relevant to a disciplinary proceeding and make an FBI agent available to provide related testimony pursuant to 5 U.S.C. § 552a (b)(11). *Tucker*, 689 A.2d at 1214-15.  Unlike *Tucker*, this matter clearly involves a civil action against the agency and Section 552a(g) is applicable, not Section 552a (b)(11). Further, the court specifically stated, [w]e note that the Privacy Act, like the FOIA, contains a provision authorizing an individual who has been adversely affected by an agency's noncompliance with that Act to bring a civil action against the agency, and vesting the district courts of the United States with jurisdiction over such an action. *Tucker*, 689 A.2d at 1216 n.4 (citing 5 U.S.C. § 552a (g)(1)).

exhaustion requirement and erroneously argues that that the Defendants thwarted the administrative process by wrongfully rejecting her appeal in January 2022 and thus made her administrative remedies unavailable. *See* Pl. Opp. at 8. Plaintiff's claims are unsupported and meritless. Regardless, by Plaintiff's own admission, and corroborated by the statements in Mr. Kissel's declaration, Plaintiff was still involved in the administrative process after she filed her complaint in the Superior Court of the District of Columbia on November 17, 2021. *Compare* Pl.'s Opp. at 8, *with* ECF No. 8-1, Declaration of Patrick Kissel. Plaintiff therefore concedes that she did not exhaust her administrative remedies prior to filing her action in the Superior Court of the District of Columbia and therefore this matter must be dismissed. *See, e.g., Chandler v. Fed. Bureau of Prisons*, 233 F. Supp. 3d 177, 181 (D.D.C. 2017) (The Court dismissed Plaintiff's Complaint because the plaintiff failed to exhaust his administrative remedies under the PLRA prior to filing this action in the Superior Court of the District of Columbia); *United States v. Reynolds*, 249 F. Supp. 3d 466, 474 (2017) (the prisoner failed to demonstrate that he exhausted his remedies before seeking relief from the court nor did he identify anything that contradicted Mr. Kissell's declaration and therefore the Court dismissed his Petition.).

**III.    Plaintiff Fails to State a Claim Under the Privacy Act.**

Plaintiff alleges that Defendants disclosed a sealed order containing information about her criminal proceedings on the Electronic Law Library in violation of 5 U.S.C. § 552a(b), which provides that:

> No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains, unless disclosure of the record would [fall under one of the enumerated exceptions].

*Id.* Plaintiff is entitled to civil remedies under § 552a(b) only if the violation was "intentional or willful" and had an "adverse effect" on her. *Gamble v. Dep't of Army*, 567 F. Supp. 2d 150, 155

5

(D.D.C. 2008) (citing 5 U.S.C. § 552a(g)(1)(D)). Plaintiff failed to demonstrate that Defendants actions were intentional or willful and that she suffered an adverse effect due to the disclosure of the sealed order and therefore her Privacy Act claim fails. *See* Defs.' Mot. at 8-10.

Plaintiff argues that she sufficiently pled facts to demonstrate that Defendants actions were willful and intentional. *See* Pl. Opp. at 10. An agency acts in an intentional or willful manner "either by committing the act without grounds for believing it to be lawful, or by flagrantly disregarding others' rights under the Act." *Albright v. United States*, 732 F.2d 181, 189 (D.C. Cir. 1984). To establish that Defendant acted willfully or intentionally, Plaintiff must show that it "acted with something greater than gross negligence." *Tijerina v. Walters*, 821 F.2d 789, 799 (D.C. Cir. 1987); *White v. Off. of Pers. Mgmt.*, 840 F.2d 85, 87 (D.C. Cir. 1988) (*per curiam*). Here, Plaintiff's Amended Complaint alleges no facts that plausibly show that the Defendants behavior was intentional or willful let alone that Defendants "acted with something greater than gross negligence." *See generally* Am. Compl. Instead, Plaintiff baldly alleges in a conclusory fashion that Defendants' failure to remove the sealed order for six months after Plaintiff requested was willful and intentional. *See id.* ¶¶ 10-15, 19. Plaintiff's Amended Complaint would require this Court to infer that Defendants' actions were intentional or willful simply because the sealed order was not immediately removed upon Plaintiff's request. The Court should not however accept the inference drawn by Plaintiff where, as here, that inference is unsupported by facts in the Amended Complaint, nor should the Court accept legal conclusions cast in the form of factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Kowal v. MCI Commc'ns Corp.*, 16 F. 3d 1271, 1276 (D.C. Cir. 1994).

Also, even assuming that Plaintiff did properly plead that Defendants' actions were willful and intentional, she nonetheless fails to state a claim because she has not alleged that she suffered

actual damages.  A plaintiff is only entitled to relief after establishing that "actual damages" were sustained as a result of the agency's alleged Privacy Act violation.  *Freeman v. Fed. Bureau of Prisons*, Civ. A. No. 19-2569 (CKK), 2020 WL 4673412, at *3 (D.D.C. Aug. 12, 2020) (citing *Doe v. Chao*, 540 U.S. 614, 618 (2004)).  In her Amended Complaint, Plaintiff *only* alleges that the improper disclosure "cause[d] her to feel uncomfortable and embarrassed" because other inmates at Plaintiff's institution learned about the details of Plaintiff's criminal case.   *See* Am. Compl. ¶ 18.  However, "[t]he Privacy Act does not allow a claim for damages based on . . . emotional harm" and "[a]s a result, Plaintiff must specifically allege actual damages to survive a motion to dismiss for failure to state a claim."  *Welborn v. IRS*, 218 F. Supp. 3d 64, 82 (D.D.C. 2016); *see also Gamble v. Dep't of Army*, 567 F. Supp. 2d 150, 156 (D.D.C. 2008) (holding that "emotional anguish alone is insufficient, and that a plaintiff must show actual damages to recover under the Privacy Act." (citing *Chao*, 540 U.S. at 620-25)); *id.* at 156 (A "speculative claim of emotional distress allegedly caused by others talking about [plaintiff]" is not actionable under the Privacy Act, for "while gossip may cause an adverse effect, it does not constitute actual damages."); *Krieger v. Dept. of Just.*, 529 F. Supp. 2d 29, 53 (D.D.C. 2008) (CKK) (finding that the "D.C. Circuit has held that emotional trauma alone is sufficient to qualify as an adverse effect under Section 552a(g)(1)(D) of the [Privacy] Act.") (internal citations and quotation marks omitted).

Here, Plaintiff has failed to plead any facts that she suffered actual damages.  *See generally* Am. Compl.  Plaintiff admittedly acknowledge this deficiency and instead claims the Court can reasonably infer "actual damages" based on her expenses incurred from bring this instant lawsuit, including the cost for paper, a typewriter ribbon, photocopies, and postage.  *See* Pl.'s Opp. at 9-10.  "[P]laintiff failed to include these allegations in [her] complaint, and plaintiff may not amend [her] complaint by the briefs in opposition to a motion to dismiss," *Middlebrooks v. Godwin Corp.*, 722

F. Supp. 2d 82, 87 n. 4 (D.D.C. 2010), *aff'd,* 424 F. App'x 10 (D.C. Cir. 2011), and thus the Court should only consider the facts as alleged in Plaintiff's amended pleading.  Since Plaintiff failed to plead any actual damages as required to state a viable Privacy Act claim, the Amended Complaint should be dismissed.  *See Ciralsky v. CIA*, 689 F. Supp. 2d 141, 156 (D.D.C. 2010) (Plaintiff failed to describe how the disclosure detrimentally affected him and, instead, Plaintiff's pleading and brief assumed that a wrongful disclosure entitled him to relief without having to plead any actual damages.  Absent a pleading of actual damages from disclosure*,* the Court determined that Plaintiff failed to state a claim under the Privacy Act upon which relief can be granted)

**IV.**      **The Individually Named Defendants Are Not Liable Under FOIA or the Privacy Act.**

Plaintiff alleges that since she named the federal agency, dismissal of the individually named defendants is irrelevant.  *See* Pl's Opp. at 4.  Plaintiff therefore concedes that the only proper defendant in a FOIA and Privacy Act suit is the federal agency.  *See Hedgeye Risk Mgmt., LLC v. Heldman*, 271 F. Supp. 3d 181, 190 (D.D.C. 2017) ("It is well understood in this Circuit that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded."). Therefore, the Court should dismiss the individually named Defendants from this matter because the only proper defendant is BOP.  *See, e.g., Martinez v. Bureau of Prisons,* 444 F.3d 620, 624 (D.C. Cir. 2006) (affirming decision to dismiss FOIA and Privacy Act claims against named individual defendants).

*      *      *

## **CONCLUSION**

For the foregoing reasons, as well as those set forth in Defendants' Motion, the Court should grant Defendants' Motion to dismiss Plaintiff's Amended Complaint.

Dated: June 29, 2022                    Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar # 481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

*/s/ Stephanie R. Johnson*
STEPHANIE R. JOHNSON
D.C. Bar # 1632338
Assistant United States Attorney
Civil Division
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-7874
Stephanie.Johnson5@usdoj.gov

*Attorneys for Defendants*

9

**CERTIFICATE OF SERVICE**

I hereby certify that I caused a true copy of the foregoing to be mailed to Plaintiff Lisa A.

Biron at the following address on June 29, 2022:


**LISA A. BIRON**
R#12775-049
FCI WASECA
P.O. Box 1731
Waseca, MN 56093

/s/ Stephanie R. Johnson
STEPHANIE R. JOHNSON
Assistant United States Attorney