UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LISA A. BIRON, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 21-3307 (CKK) |
| | : | |
| LINDSEY GEORGE *et al.*, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OPINION**

Plaintiff filed a complaint *pro se* in the Superior Court of the District of Columbia, alleging violations of the Freedom of Information Act, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a, and naming as defendants the U.S. Bureau of Prisons, then-BOP Director Michael Carvajal, and BOP Chief of Information Management Lindsey George. *See* Compl., ECF No. 1-2. Defendants removed the case to this Court pursuant to 28 U.S.C. § 1442(a)(1).[1] Not. of Removal, ECF No. 1. Pending is Defendants' Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction and Rule 12(b)(6) for failure to state a claim upon which relief may be granted. For the following reasons, the motion based on subject-matter jurisdiction will be granted.

**I. BACKGROUND**

Plaintiff, a federal prisoner at the Federal Correctional Institution in Waseca, Minnesota, alleges the following. On May 5, 2021, the U.S. District Court for the District of New Hampshire issued an order sealing a prior order issued on October 2, 2017, in one of plaintiff's

---

[1] Section 1442(a)(1) authorizes the United States, its agencies, and federal employees to remove to federal district court a civil action commenced against them "in a State court," *id.*, which includes D.C. Superior Court, 28 U.S.C. § 1442(d)(6).

civil cases. On May 27, 2021, plaintiff notified BOP staff of the sealing order and "inquired as to when the sealed Decision would be removed from" the Electronic Law Library (ELL), which is "available agency-wide to all inmates as a legal research database." Am. Compl. at 2, ECF No. 7. Despite plaintiff's "repeated attempts" to have the sealed order removed, defendants "failed to remove [it] from the ELL until on or about November 23, 2021." *Id*. Because of the six-month delay, "other inmates at Plaintiff's institution have learned private information about her and have talked about it causing her to feel uncomfortable and embarrassed." *Id*. at 3-4. Plaintiff seeks "damages in an amount not less than $1000.00" for "willful and intentional" unlawful disclosures in violation of the Privacy Act.[2] *Id*. at 4.

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co*., 511 U.S. 375, 377 (1994); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13 (D.D.C. 2001) (stating that a court has an "affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority"). As such, a court must dismiss a case pursuant to Federal Rule of Civil Procedure 12(b)(1) when it lacks subject-matter jurisdiction. In determining whether there is jurisdiction, the Court may "consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Coal.*

---

[2] Although plaintiff mentions the FOIA, she has not alleged in either the original complaint or the amended complaint the elements of a FOIA claim, *i.e.*, the improper withholding of agency records, and demanded the release of any such records. *See Blazy v. Tenet*, 194 F.3d 90, 96 (D.C. Cir. 1999) (discussing tension between FOIA's public access purpose and the Privacy Act's goal to "provide *individuals* with more control over the gathering, dissemination, and accuracy of agency information about themselves") (citation and internal quotation marks omitted)).

*for Underground Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003) (citations omitted); *see also Jerome Stevens Pharm., Inc. v. Food & Drug Admin.*, 402 F.3d 1249, 1253 (D.C. Cir. 2005) ("[T]he district court may consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction."). "At the motion to dismiss stage, counseled complaints as well as *pro se* complaints, are to be construed with sufficient liberality to afford all possible inferences favorable to the pleader on allegations of fact." *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1106 (D.C. Cir. 2005).

"Although a court must accept as true all factual allegations contained in the complaint when reviewing a motion to dismiss pursuant to Rule 12(b)(1), [a] plaintiff['s] factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a claim." *Wright v. Foreign Serv. Grievance Bd.*, 503 F. Supp. 2d 163, 170 (D.D.C. 2007) (internal citations and quotation marks omitted). Moreover, a court need not accept as true "a legal conclusion couched as a factual allegation" or an inference "unsupported by the facts set out in the complaint." *Trudeau v. Fed. Trade Comm'n*, 456 F.3d 178, 193 (D.C. Cir. 2006) (internal citation and quotation marks omitted). And ultimately, it remains the plaintiff's burden to prove subject-matter jurisdiction by a preponderance of the evidence. *Am. Farm Bureau v. U.S. Env't Prot. Agency*, 121 F. Supp. 2d 84, 90 (D.D.C. 2000).

### III.  DISCUSSION

Defendant argues that dismissal is necessitated by the derivative jurisdiction doctrine. *See* Mem., ECF No. 8 at 6-7.  The Court agrees.

The doctrine of derivative jurisdiction traces its heritage to the near century's old pronouncement of the Supreme Court that "[t]he jurisdiction of the federal court on removal is, in a limited sense, a derivative jurisdiction." *Lambert Run Coal Co. v. Baltimore & O.R. Co.*,

258 U.S. 377, 382 (1922). Traditionally stated, the doctrine provides that "if the state court lacks jurisdiction over the subject matter or the parties, the federal court acquires none upon removal, even though the federal court would have had jurisdiction if the suit had originated there." *Arizona v. Manypenny*, 451 U.S. 232, 242 n.17 (1981) (citations omitted); *see also Merkulov v. United States Park Police*, 75 F. Supp. 3d 126, 129 (D.D.C. 2014). Therefore, the operative question under the derivative jurisdiction doctrine is whether the state court from which the pending complaint was removed originally possessed jurisdiction over that civil action. *See Day v. Azar*, 308 F. Supp. 3d 140, 142 (D.D.C. 2018) ("[M]y jurisdiction over Ms. Day's claims depends on whether the Superior Court of the District of Columbia has jurisdiction to hear Title VII claims against federal employers."). If not, then the federal court cannot "derive" any jurisdiction from that state court upon removal, and dismissal is required. *See Merkulov*, 75 F. Supp. 3d at 129 ("[U]nder the doctrine of derivative jurisdiction, a Federal court must dismiss a case if the State court lacked jurisdiction over the original claim.").

"Admittedly, the justification for this derivative jurisdiction doctrine is 'hardly obvious,' and the doctrine has faced considerable scrutiny from courts and commentators alike[.]" *Robinson v. United States Dep't of Health & Hum. Res.*, No. 21-cv-1644 (CKK), 2021 WL 4798100, at *3 (D.D.C. Oct. 14, 2021) (quoting *Ricci v. Salzman*, 976 F.3d 768, 773 (7th Cir. 2020) (other citations omitted)); *see id.* (criticizing "the circuitous barrier the doctrine presents" especially to *pro se* litigants "who may not be well-versed in the technicalities of civil procedure or federal jurisdiction"). But while Congress has eliminated the doctrine altogether for cases removed under the general federal removal statute, *see* 28 U.S.C. § 1441(f); *Palmer v. City Nat. Bank, of W. Virginia*, 498 F.3d 236, 245 (4th Cir. 2007) (describing 1985 and 2002 amendments to § 1441), it has made no such parallel amendment to § 1442. *See Merkulov*, 75 F. Supp. 3d at

130 (explaining that Congress did not abrogate the derivative jurisdiction doctrine through an amendment to § 1442). So, district courts in this jurisdiction have consistently found that the derivative jurisdiction doctrine still applies to cases against federal agencies and officers sued, as here, in their official capacity that are removed *solely* under § 1442(a).[3]  *Cf. Cobb v. United States*, No. 21-cv-2419 (CKK), 2022 WL 2046109, at *2 (D.D.C. June 7, 2022), citing *Charles v. United States*, No. 21-0864 (CKK), 2022 WL 558181 (D.D.C. Feb. 24, 2022) (reaffirming holding in *Charles* that "derivative jurisdiction is a 'non-issue' where 28 U.S.C. § 2679(d)(2) independently confers removal jurisdiction upon a [tort] complaint removed to federal court through a Westfall declaration"). And while the D.C. Circuit has not weighed in, other federal circuit courts have upheld application of the derivative jurisdiction doctrine to cases removed under § 1442.[4]  The doctrine's persistence is ultimately grounded in longstanding Supreme Court precedent that generally retains its continued vitality absent any Congressional intervention to the contrary.  *See State of Minnesota v. United States*, 305 U.S. 382, 388-89 (1939) ("Where jurisdiction has not been conferred by Congress, no officer of the United States has power to give to any court jurisdiction of a suit against the United States.").

---

[3] *See Falice v. O'Brien*, No. 18-cv-2946 (CKK), 2020 WL 6146623, at *3 (D.D.C. Oct. 20, 2020); *Woods v. Hawk-Sawyer*, No. 20-cv-1152 (TFH), 2020 WL 6146876, at *2 (D.D.C. Oct. 20, 2020); *James*, 484 F. Supp. 3d at 4; *Farmer v. Disability Program Manager*, No. 19-cv-01731 (TNM), 2020 WL 2571521, at *2 (D.D.C. May 21, 2020); *Williams v. Perdue*, 386 F. Supp. 3d 50, 54 (D.D.C. 2019); *Day*, 308 F. Supp. 3d at 142; *Johnson v. D.C. Metro Transit Auth.*, 239 F. Supp. 3d 293, 296 (D.D.C. 2017); *Merkulov*, 75 F. Supp. 3d at 130; *Cofield v. United States*, 64 F. Supp. 3d 206, 215 (D.D.C. 2014); *McKoy-Shields v. First Washington Realty, Inc.*, No. 11-cv-01419 (RLW), 2012 WL 1076195, at *2 (D.D.C. Mar. 30, 2012).

[4] *See Reynolds v. Behrman Cap. IV L.P.*, 988 F.3d 1314, 1321–22 (11th Cir. 2021) (citing Third, Fourth, Fifth, and Seventh Circuit cases); *Rodriguez v. United States*, 788 Fed. App'x 535, 536 (9th Cir. 2019).

Because plaintiff's complaint was removed from D.C. Superior Court solely under 28 U.S.C. § 1442(a), this Court must assess its jurisdiction by asking whether D.C. Superior Court possessed subject-matter jurisdiction at the time of removal.  For the reasons explained next, the answer is no.

The "United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit."  *United States v. Sherwood*, 312 U.S. 584, 586 (1941) (citations omitted).  This doctrine applies to federal agencies and employees sued in their official capacities.  *See Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) (a suit against a government official in his official capacity "generally represent[s] only another way of pleading an action against an entity of which an officer is an agent" and "in all respects other than name [should] be treated as a suit against the entity") (internal quotation marks and citations omitted)).  "To bring a claim against the United States, a plaintiff must identify an unequivocal waiver of sovereign immunity[,] and [c]ourts are required to read waivers of sovereign immunity narrowly and construe any ambiguities . . . in favor of immunity."  *Franklin-Mason v. Mabus*, 742 F.3d 1051, 1054 (D.C. Cir. 2014) (citation omitted)).  A waiver of  sovereign immunity "must be unequivocally expressed in statutory text[,]" *Lane v. Pena*, 518 U.S. 187, 192 (1996), and "'it rests with Congress to determine not only whether the United States may be sued, but in what courts the suit may be brought[,]'" *Franklin-Mason*, 742 F.3d at 1054 (quoting *Minnesota*, 305 U.S. at 388).  "[S]tate courts do not have presumptive jurisdiction to decide suits against the United States."  *Bullock v. Napolitano*, 666 F.3d 281, 285 (4th Cir. 2012).

Both the FOIA and the Privacy Act confer jurisdiction exclusively in the federal courts, 5 U.S.C. §§ 552(a)(4)(B), 552a(g)(5), and authorize lawsuits against Executive-branch agencies

only, 5 U.S.C. §§ 552(f)(1), 552a(a)(1); 552a(g)(1); *see Armstrong v. U.S. Bureau of Prisons*, 976 F. Supp. 17, 23 (D.D.C. 1997), *aff'd sub nom. Armstrong v. Fed. Bureau of Prisons*, No. 97-5208, 1998 WL 65543 (D.C. Cir. Jan. 30, 1998).  Because D.C. Superior Court "never acquired jurisdiction over either the subject matter [Privacy Act violations] or the [BOP] as a United States agency," *Johnson v. D.C. Metro Transit Auth.*, 239 F. Supp. 3d 293, 296 (D.D.C. 2017), this Court can acquire none from the removal under § 1442.  Consequently, this case will be dismissed without prejudice to preserve plaintiff's ability to file an original action in an appropriate federal court.  *See* 5 U.S.C. § 552a(g)(5) ("An action to enforce any liability" under the Privacy Act "may be brought in the district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia[.]").

## IV.  CONCLUSION

For the foregoing reasons, the Court grants defendant's motion to dismiss.  A separate Order accompanies this Memorandum Opinion.

_____/s/_____<br>
COLLEEN KOLLAR-KOTELLY<br>
United States District Judge

Dated:  February 3, 2023